JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ATLAS DATA PRIVACY CORPORATION

**DEFENDANTS**
VOTERRECORDS.COM, RICHARD ROES

**(b)** County of Residence of First Listed Plaintiff   Hudson County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   SEMINOLE COUNTY, FL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rajiv D. Parikh, Esq. Kathleen Barnett Einhorn, Esq.
GENOVA BURNS, LLC, 294 BROAD STREET, NEWARK, NEW JERSEY 07102

Attorneys *(If Known)* Thomas C. Regan, Esq. LEWIS BRISBOIS BISGAARD & SMITH, LLP, ONE RIVERFRONT PLAZA, SUITE 800, NEWARK, NEW JERSEY 07102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine     Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product     Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☒ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -     Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities-   ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities-   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other   ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. __1441, 1332__
Brief description of cause:
Alleged Violation of Daniel's Law (N.J.S.A. 47-1A-1, et seq., and N.J.S.A 56:8-166.1).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE   Michael A. Shipp     DOCKET NUMBER   3:24-cv-04105-MAS-TJB

DATE   3.29.24     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN, | CIVIL ACTION NO.: |
| *Plaintiffs,* | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| vs. | [Previously pending in the Superior Court of New Jersey, Law Division, Mercer County, MER-L-000288-24] |
| VOTERRECORDS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities,* | |
| *Defendants.* | |

TO:    United States District Court – District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

WITH NOTICE TO:

Clerk of the Superior Court of New Jersey
Mercer County, Law Division
175 South Broad Street
Trenton, New Jersey 08650

Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
GENOVA BURNS LLC
294 Broad Street
Newark, New Jersey 07102

Mark Mao
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

John A. Yanchunis
MORGAN & MORGAN
201 N. Franklin Street
7th Floor
Tampa, FL 33602

**PLEASE TAKE NOTICE** that defendant Synaptix Technology, LLC ("Synaptix"),

improperly pleaded as "VoterRecords.com" by and through undersigned counsel, Lewis

1

Brisbois Bisgaard & Smith, LLP, and pursuant to 28 U.S.C. § 1441, hereby removes this action from the Superior Court of New Jersey, Law Division, Mercer County, where it is pending under docket number MER-L-000288-24, to the United States District Court for the District of New Jersey.

Synaptix denies any liability in this case, denies the allegations of plaintiffs' complaint, and reserves all rights to contest the sufficiency of service of process and/or the existence of personal jurisdiction, and to contest the merits and/or class treatment of all claims in Plaintiffs' complaint or any subsequent pleading. For purposes of the jurisdictional requirements for this removal only, the allegations of plaintiffs' complaint meet the requirements for jurisdiction under 28 U.S.C. §§ 1332 (a) & (d) and demonstrate that removal to this Court is proper.

The grounds for removal are as follows:

### D.N.J. LOCAL CIVIL RULE 10.1 STATEMENT

The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Peter Andreyev, and William Sullivan.

The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

The remaining plaintiff addresses are identified in the Complaint generally and are located within New Jersey. Additionally, it is noted that the case is filed pursuant to a New Jersey statute, N.J.S.A. 56:8-166.1, *et seq.*, intended to shield the addresses of "Covered Persons" in law enforcement.

Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq.

2

of Genova Burns LLC, 494 Broad Street, Newark, NJ 07012, John A. Yanchunis, Esq. (*pro hac vice* to be filed) of Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 33602, and Mark Mao, Esq. (*pro hac vice* to be filed) of Boies Schiller Flexner LLP, 44 Montgomery St., 41st Floor, San Francisco, CA 94104

The defendant in this action is Synaptix Technology, LLC, 3208 W SR 426 #2000 Oviedo, FL 32765. Synaptix is represented by Thomas C. Regan, Esq. and Matthew S. AhKao, Esq. of Lewis Brisbois Bisgaard & Smith, LLP, One Riverfront Plaza, Suite 800, Newark, NJ 07102.

## **PROCEDURAL BACKGROUND**

1.      On February 8, 2024, plaintiffs Edwin Maldonado, Scott Maloney, Justyna Maloney, Peter Andreyev, William Sullivan and Jane Does 1-2 (the "individual plaintiffs") and Atlas Data Privacy Corporation ("Atlas") (collectively, the "plaintiffs") filed a complaint ("Complaint") against Synaptix and unidentified individuals and companies in the Superior Court of New Jersey Mercer County. Atlas purports to be the "assignee" of the claims of approximately 15,836 individuals who are allegedly covered persons under New Jersey's Daniel's Law, N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1. The action is captioned *Atlas Data Privacy Corporation et al. v. VoterRecords.com, et al.*, which was assigned docket number MER-L-000288-2.4.

2.      A true and correct copy of the complaint is attached hereto as **Exhibit A**.

3.      In the Complaint, plaintiffs assert claims against Synaptix for alleged violations of N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1, based on a claimed failure to timely process requests to not "disclose" their addresses and/or unpublished telephone numbers. *See* Compl. ¶¶ 57–63.

4.      Plaintiffs allege that they are each entitled to recover from Synaptix "actual damages not less than liquidated damages under Daniel's Law, at $1,000 per violation," along with punitive damages; attorneys' fees, interest (pre- and post-judgment), and litigation costs. *Id.* ¶ 63.

5.      Plaintiffs also allege that they are entitled to "injunctive relief" with respect to the "protected information" of each "Individual Plaintiff" and unnamed "Covered Person." *Id.*

6.      Plaintiffs also allege that they are entitled to "equitable or other permanent injunctive relief" requiring Synaptix to "surrender and relinquish the Website to the ownership and control of Atlas." *Id.*

7.      On March 12, 2024, Atlas filed a motion to consolidate in *Atlas Data Privacy Corporation, et al. v. Whitepages, Inc., et al.* (docket no. MER-L-000270-24), a separate action by Atlas in Mercer County asserting violations of Daniel's Law. While the motion to consolidate was not filed on the state court docket for this action or formally served on Synaptix, it seeks to consolidate this case with 24 other actions pending in Mercer County. On March 20, 2024, Atlas filed a request to adjourn the motion to consolidate to April 12, 2024.

8.      A true and correct copy of the adjournment request filed on the state court docket for this action is attached hereto as **Exhibit B**.

9.      Upon information and belief, Synaptix has not been served with formal process and thus is not officially a defendant in relation to the state court action.

10.     Removal is timely pursuant to 28 U.S.C. § 1446(b) because this notice of removal is filed prior to service on Synaptix. *See Murphy Bros., Inc. v. Michael Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (holding that removal of a case by a defendant to federal court prior to

being served with the summons and complaint is proper based on the plain language of the statute.)

11.     As set forth in detail below, this Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because the true parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     In the alternative, as set forth in detail below, the Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), 28 U.S.C. § 1441(a)-(b), and 28 U.S.C. § 1453, because this is a class action, or, in the alternative, a "mass" action.

## **LEGAL STANDARD**

13.     Federal district courts have original diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a).

14.     A notice of removal requires only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that the Court's jurisdictional requirements are satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); *see also Farrell v. FedEx Ground Package System, Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020) ("the grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)." (citation omitted)); *Matthews v. Bank of America Corp.*, 2020 WL 9786649, at *3 (D.N.J. Feb. 18, 2020) ("Just like the complaint, a notice of removal need only 'contain[] a short and plain statement of the grounds for removal.'" (alteration in original) (quoting 28 U.S.C. § 1446(a)). The notice need not contain "evidentiary support," and the Court "should accept a removing defendant's allegations" in the absence of countervailing evidence by the plaintiff. *Farrell*, 478 F. Supp. 3d

at 540 (citing *Dart Cherokee*, 574 U.S. at 8788). In the event plaintiffs contest the factual basis

for removal, a defendant is entitled to discovery relating to the claim that diversity jurisdiction

exists. *See, e.g.*, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 102 (3d Cir. 2015) (the

party alleging diversity jurisdiction is "entitled to limited discovery for the purpose of

establishing that complete diversity exists" when a factual challenge is made); *City of New York

v. Permanent Mission of India to the United Nations*, 446 F.3d 365, 367-68 (2d Cir. 2006)

(discovery was permitted on jurisdictional questions following removal to federal court).

### DIVERSITY JURIDICTION UNDER 28 U.S.C. § 1332

15.     Each of the requirements of diversity jurisdiction is met here because (i) there is

complete diversity of citizenship between Synaptix and the individual plaintiffs; (ii) there is

complete diversity of citizenship between Synaptix and Atlas; (iii) the amount in controversy

exceeds $75,000, exclusive of interests and costs; and (iv) all other requirements for removal

have been satisfied.

### Diversity of Citizenship

16.     For purposes of determining diversity, a corporation is deemed to be a citizen of:

(1) any state where it is incorporated; and (2) the state in which it has its principal place of

business. *See* 28 U.S.C. § 1332(c)(1). However, "[i]n determining whether there is diversity

jurisdiction, a district court must consider the citizenship of defendants who are 'real and

substantial parties to the controversy.'" *Walsh v. Defs., Inc.*, 894 F.3d 583, 589 (3d Cir. 2018)

(quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980)).

17.     For purposes of determining diversity, a natural person is deemed to be a citizen

of the state of domicile, which is generally defined as "the place where that individual has a

true, fixed home and principal establishment, and to which, whenever that person is absent from

6

the jurisdiction, he or she has the intention of returning." 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.). Factors to be considered in determining the state of domicile include a presumption that "that a person's current residence is also his domicile," and "voter registration and voting practices," "place of employment or business" "as well as several other aspects of human life and activity." *Id.*

18.    Synaptix is registered as a limited liability company in Florida with its principal place of business at 3208 W State Road 426 Suite 2000 in Oviedo, Florida. Pursuant to 28 U.S.C § 1332(c)(1), therefore, Synaptix is a citizen of Florida for purposes of diversity jurisdiction.

19.    RICHARD ROES 1-10 and ABC COMPANIES 1-10 are wholly fictitious and are disregarded for purposes of removal.

20.    Each of the individual plaintiffs are current or former New Jersey law enforcement officers, and are alleged to be "liv[ing]" or "working" in New Jersey currently:

 a. Plaintiff JANE DOE-1 is described as a veteran police officer working in Northern New Jersey. Compl. ¶ 15. As an active law enforcement officer, Plaintiff Jane Doe-1's primary residence must be in the State of New Jersey, as required by N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8. Accordingly, Jane Doe-1 is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

 b. Plaintiff JANE DOE-2 is described as a correctional police officer who lives in Northern New Jersey. *Id.* ¶ 16. Pursuant to N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8, all law enforcement officers must have their principal

residence in the State of New Jersey. Jane Doe-2 is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

c.  Plaintiff Edwin Maldonado alleges he was a patrol officer for the City of Plainfield Police Department, and later a detective with Plainfield's major crimes unit. *Id.* ¶ 17. Maldonado is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

d.  Plaintiffs Scott Maloney and Justyna Maloney allege they are "both veteran police officers currently serving with the Rahway, New Jersey Police Department" who "live together in New Jersey." *Id.* ¶ 18. The Maloneys are therefore citizens of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

e.  Plaintiff Peter Andreyev alleges that he is a 32-year veteran of the Point Pleasant New Jersey Police Department. *Id.* at ¶ 22. Andreyev is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

f.  Plaintiff William Sullivan alleges that he is an 18-year veteran of the New Jersey Department of Corrections, and since 2020, has served in various roles in New Jersey. *Id.* ¶ 23. Sullivan is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

21.    Further, under New Jersey law, every member of a police department and force shall be a resident of the State of New Jersey while serving in such position. *See*, N.J.S.A. 40A:14-122.8 ("Every member of a police department and force shall be a resident of the State of New Jersey while serving in such position."); N.J.S.A. 52:14-7(a)(3) ("Every person holding

an office, employment, or position ... (3) with a county, municipality, or other political

subdivision of the State or an authority, board, body, agency, district, commission, or

instrumentality of the county, municipality, or subdivision ... shall have his or her principal

residence in this State and shall execute such office, employment, or position.")

22.     The complaint alleges that Atlas is a Delaware corporation "with offices at 201

Montgomery Street, Suite 263, Jersey City, New Jersey 07302." Compl. ¶ 24. Atlas purports to

be the "the assignee of the claims of approximately 15,836 individuals who are all 'covered

persons' under Daniel's Law." *Id.* ¶ 25. Atlas is thus a citizen of Delaware and New Jersey for

purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

23.     Accordingly, by all appearances, this action satisfies the complete diversity

requirement of 28 U.S.C. § 1332(a)(1).

## The Alleged Amount in Controversy Exceeds $75,000

24.     The  second requirement of traditional diversity jurisdiction is that the amount in

controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). When plaintiffs' complaint, as here,

"does not include a specific monetary demand, the removing defendant need only 'plausibl[y]

alleg[e]' the amount in controversy." *Yucis v. Sears Outlet Stores, LLC*, 813 Fed. App'x 780,

782 n.2 (3d Cir. 2020), quoting, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S.

81, 89 (2014).

25.     In this action, plaintiffs seek to recover compensation based on Synaptix's alleged

failure to comply with Daniel's Law. *See* Compl.  ¶¶ 57, 63, Wherefore ¶ B, C, D.

26.     Plaintiffs allege that Daniel's Law requires the award, under N.J.S.A. 56:8-

166.1(c), of the following damages: (1) actual damages, but not less than liquidated damages

computed at the rate of $1,000 for each violation of this act; (2) punitive damages upon proof of

willful or reckless disregard of the law; (3) reasonable attorney's fees and other litigation costs reasonably incurred. *Id.* ¶ 63.

27.    As plead in the complaint, Atlas, standing alone, satisfies the required amount in controversy. As the purported assignee of 15,836 covered persons, at a minimum, Atlas seeks to recover $15,836,000 from Synaptix – far in excess of the $75,000 threshold – not inclusive of plaintiffs' request for punitive damages, attorneys' fees, and injunctive relief, all of which the Court may consider.

28.    This Court may also consider punitive damages and attorneys' fees in determining whether the amount in controversy threshold is exceeded. *See, e.g., Ifill v. CVS Pharmacy,* CV2014818KMJBC, 2021 WL 486884, at *2 (D.N.J. Feb. 9, 2021), quoting, *Huber v. Taylor,* 532 F.3d 237, 244 (3d Cir. 2008)("[C]laims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."); and *Entrekin v. Fisher Sci. Inc.,* 146 F. Supp. 2d 594, 618 (D.N.J. 2001)(emphasis added)("Attorneys' fees and costs are generally excluded from the amount in controversy calculations unless they are available under a statute or contractual provision.")

29.    As to punitive damages, these alone, if awarded, are likely to exceed the jurisdictional threshold based on N.J.S.A. 2A:15-5.14(b), which provides, "No defendant shall be liable for punitive damages in any action in an amount in excess of five times the liability of that defendant for compensatory damages *or $350,000, whichever is greater.*" (emphasis added).

30.     As to attorneys' fees, and as referenced in plaintiffs' complaint, N.J.S.A. 56:8-166.1(c) provides for the award of attorneys' fees if successful on their claims. Plaintiffs' attorneys' fees alone would likely exceed the jurisdictional threshold in this case.

31.     Finally, the Court can also take into account injunctive relief in determining the amount in controversy because Daniel's Law states that the Court may award "any other preliminary and equitable relief as the court determine to be appropriate." N.J.S.A. 56:8-166.1(c)(4). Plaintiffs ask the Court to enter "equitable or other permanent injunctive relief requiring defendants to comply with Daniel's law, including requiring Synaptix to "surrender and relinquish the Website to the ownership and control of Atlas." *See* Compl. ¶¶ 57, 63, Wherefore ¶ A, E, F, G.

32.     Here, there are three aspects to valuing plaintiffs' requested injunctive relief: (1) the cost of retaining an "independent expert to ensure that defendants prospectively maintain compliance with Daniel's Law," (2) the value of a compulsory "surrender and relinquish the Website" by Synaptix to the "ownership and control of Atlas," and (3) the value of Synaptix's ongoing compliance with Daniel's Law to the plaintiffs. The first two parts of plaintiffs' requested injunctive relief is more concrete and likely is itself dispositive of the amount in controversy question, even if it were not paired with the compensatory/statutory damages, punitive damages, and attorneys' fees that plaintiffs likewise request.

33.     Regarding the third component of plaintiffs' requested  relief, the individual plaintiffs seek broad injunctive relief tied to Synaptix's ongoing compliance with Daniel's Law. In the Third Circuit, the value of injunctive relief may be considered in determining the amount in controversy, and is measured by the "value of the interest sought to be protected by the equitable relief requested." *Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 219 (D.N.J.

1992); *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is settled that the amount in controversy is measured by . . . 'the value to the plaintiff to conduct his business or personal affairs free from the activity sought to be enjoyed.'" (citation omitted)). Here, the interest the complaint putatively seeks to protect is the interest of the individual plaintiffs and unidentified covered persons in their physical safety and freedom from threatening communications. *See* Compl. ¶¶ 15-23 (alleging that the individual plaintiffs face threats to their safety and/or threatening phone calls or text messages based on the disclosure of their home addresses and phone numbers). Although Synaptix emphatically rejects any allegation that it has engaged in conduct that has endangered this interest, the individual plaintiffs and Atlas would surely contend that the value of this interest exceeds $75,000 for each of the individual plaintiffs and unidentified covered persons.

34.     Because the parties are completely diverse and the amount in controversy exceeds $75,000, the requirements of diversity jurisdiction are satisfied.

## REMOVAL IS PROPER UNDER CAFA

### The "Mass Action" Requirements Under CAFA Are Met

35.     Even though this Court has diversity jurisdiction for the reasons stated *supra*, removal of this action is also proper because the instant case is a "mass action" under the Class Action Fairness Act ("CAFA"). Federal jurisdiction exists under CAFA for a mass action that satisfies (1) the class action requirements of (a) minimal diversity and (b) the $5,000,000 aggregate amount-in-controversy; (2) numerosity for a mass action; and (3) the $75,000 individual amount-in-controversy requirement. 28 U.S.C. § 1332(d)(11)(B)(i). In short, "mass actions are deemed to be class actions removable under 28 U.S.C. § 1332(d)(2)– (10) if they

otherwise meet the provisions of those paragraphs." *Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 319 (3d Cir. 2022).

36. As noted above, minimal diversity is met, because the citizenship of the individual plaintiffs – all residents of New Jersey, and Atlas, a resident of Delaware and New Jersey – is different from that of Synaptix, which is a citizen of Florida. The aggregate amount in controversy is likewise met by aggregating – at a minimum – the liquidated damages under Daniel's Law of $1,000 per violation for 15,836 assignees, totaling $15,836,000. This is to say nothing of the claims for punitive damages, attorneys' fees or request for injunctive relief.

37. The numerosity requirement is likewise met. "[T]he Third Circuit found that partial assignees can be counted as class members when evaluating whether a class meets Rule 23's numerosity requirement." *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. 06-0620, 2020 WL 5211035, at *10 (E.D. Pa. Sept. 1, 2020), citing, *In re Modafinil Antitrust Litigation*, 837 F.3d 238, 251-52 (3d Cir. 2016)). Here, the proposed class consists of 15,841 members – Atlas as assignee for 15,836 assignors plus the individual plaintiffs. Thus, the number of proposed class members exceeds the 100 members necessary to satisfy the numerosity requirement for purposes of CAFA jurisdiction.

38. Thus, this Court may separately find that it has jurisdiction in the instant case as it is a "mass action" under CAFA.

### The Class Action Requirements Are Met

39. In the alternative, or in addition, to finding that this is a mass action under CAFA, removal is proper because the instant case is a class action under CAFA. Federal jurisdiction exists under CAFA for a class action that satisfies: (1) an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims; (2) minimally diverse parties; and (3)

that the class consist of at least 100 or more members ('numerosity requirement)." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (quoting 28 U.S.C. § 1332(d)(2), (5)(B), (6)). In addition, to be considered a "class action" under CAFA, the suit must be "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B).

40.    This suit satisfies all of CAFA's requirements for federal jurisdiction over a class action because (1) there is minimal diversity between the parties; (2) the aggregate amount-in-controversy exceeds $5,000,000; (3) the putative class exceeds 100 members; and (4) the suit was filed under a state-law analogue to Rule 23.

41.    All of these elements, including the $75,000 individual amount-in-controversy requirement, are satisfied, as discussed at length *supra*.

42.    Lasty, while CAFA requires that the suit be filed under state law analogue of Rule 23, the analogous state law need not be pled in the complaint to satisfy CAFA. That is because, if courts "interpreted 'any civil action filed under Rule 23' or a state-law analogue to refer only to cases that specifically mention Rule 23 or a state-law analogue," then "a plaintiff could avoid federal jurisdiction for a lawsuit that resembles a class action in all respects simply by omitting from the complaint the name of the rule or statute under which she proceeds." *Williams v. Employers Mutual Casualty Company*, 845 F.3d 891, 901 (8th Cir. 2017). *See also*, *Badeaux v. Goodell*, 358 F. Supp. 3d 562, 567 (E.D. La. 2019) ("A lawsuit resembling a class action will not escape CAFA jurisdiction simply because it omits the words 'class action' or does not include the state rule or statute under which it proceeds as a class action."). Accordingly, "[i]f a complaint does not satisfy CAFA's jurisdictional requirements on its face, [courts] must cut

14

through any pleading artifice to identify whether the case is in substance an interstate class action." *Erie Insurance Exchange v. Erie Indemnity Company*, 68 F.4th 815, 819 (3d Cir. 2023).

43.     Here, the complaint is "in substance a class action, . . . notwithstanding [plaintiffs'] artificial attempt to disguise the true nature of the suit." *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 742 (7th Cir. 2013) (denying remand under CAFA where plaintiff, an assignee of class rights, unsuccessfully attempted to omit reference to Rule 23 in the pleadings to avoid federal jurisdiction). Further, although plaintiffs do not cite any joinder rule, the complaint does not demonstrate how plaintiffs could join 15,836 claims in a single suit, absent the class action mechanism.

44.     Thus, all of the requirements for CAFA jurisdiction over a class action have been met.

**No CAFA Exceptions Apply**

45.     Finally, none of the exceptions to CAFA apply. CAFA provides two mandatory exceptions and one discretionary exception to the application of federal jurisdiction for class actions. 28 U.S.C. § 1332(d)(3)-(4). None of these exceptions apply here. Each CAFA exception requires, as a starting point, an in-state defendant. Synaptix is, as shown above, a citizen of only Florida.

46.     Nor do any of the exceptions for federal jurisdiction over a "mass action" apply here. *See* 28 U.S.C. § 1332(d)(11)(B)(ii).

**ALL OTHER GROUNDS FOR REMOVAL ARE SATISFIED**

47.     **Removal is timely.** As noted above, this notice of removal is timely filed, pursuant to 28 U.S.C. § 1446, because plaintiffs never properly effectuated service upon Synaptix. The 30 day window of time to seek removal therefore never began to run. *See, Orlick*

*v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337 (D.N.J.. 2021); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

48.    **Removal is to the proper court.** Because plaintiffs' complaint was filed in the Superior Court of New Jersey, Mercer County, this district is the proper venue for this action upon removal, as it encompasses the location in which the complaint is currently pending in state court (i.e., Mercer County). *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending").

49.    **All pleadings and process are attached.** Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complaint and other pleadings are attached hereto as Exhibits A and B. Exhibits A and B constitute all of the process, pleadings, and orders to date in the state court action.

50.    **Notice is being provided forthwith.** Pursuant to 28 U.S.C. § 1446(d), upon filing this notice of removal, the undersigned will promptly give written notice of such filing to plaintiffs through their counsel of record and file a true and correct copy of this notice of removal and all documents attached hereto with the Clerk of the Superior Court of New Jersey, Mercer County.

**WHEREFORE,** Synaptix respectfully requests that the state court action be removed from the Superior Court of New Jersey, Mercer County, to the United States District Court for the District of New Jersey.

Dated: March 29, 2024   Respectfully submitted,

           LEWIS BRISBOIS BISGAARD & SMITH, LLP

           */s/ Thomas C. Regan*
           Thomas C. Regan, Esq.
           Matthew S. AhKao, Esq.
           One Riverfront Plaza, Suite 800
           Newark, NJ 07102
           (973) 577-6260
           Thomas.Regan@lewisbrisbois.com
           Matthew.AhKao@lewisbrisbois.com

           *Attorneys for Defendant, Synaptix Technology, LLC*

## **D.N.J. LOCAL CIVIL RULE 11.2 STATEMENT**

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of defendant

Synaptix Technology, LLC certifies that the matter in controversy is not subject to any other

action pending in any other court or of a pending arbitration proceeding other than the state

court action removed by this notice: MER-L-000288-24 in the Superior Court of New Jersey,

Law Division, Mercer County.

Dated: March 29, 2024          LEWIS BRISBOIS BISGAARD & SMITH, LLP

          */s/ Thomas C. Regan*
          Thomas C. Regan, Esq.
          Matthew S. AhKao, Esq.
          One Riverfront Plaza, Suite 800
          Newark, NJ 07102
          (973) 577-6260
          Thomas.Regan@lewisbrisbois.com
          Matthew.AhKao@lewisbrisbois.com

          *Attorneys for Defendant*, *Synaptix Technology, LLC*

# EXHIBIT A

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs Atlas Data Privacy*
*Corporation, Jane Doe-1, a law*
*enforcement officer, Jane Doe-2, a law*
*enforcement officer, Edwin Maldonado,*
*Scott Maloney, Justyna Maloney, Peter*
*Andreyev and William Sullivan*

**BOIES SCHILLER FLEXNER LLP**
Mark Mao (*pro hac vice* to be filed)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>        Plaintiffs,<br><br>   v.<br><br>VOTERRECORDS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-_____-24<br><br><u>**CIVIL ACTION**</u><br><br>**COMPLAINT** |

Plaintiffs Atlas Data Privacy Corporation ("Atlas") as the assignee of individuals who are

Covered Persons under Daniel's Law along with Jane Doe-1 (a law enforcement officer), Jane

Doe-2 (a law enforcement officer), Edwin Maldonado, Scott Maloney, Justyna Maloney, Peter

1

Andreyev, and William Sullivan (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit this Complaint against Defendants and state as follows:

## INTRODUCTION

1.      In these tumultuous times, it is critical that the most sensitive personal information of those who serve the public be protected from unwarranted disclosure.  As set forth below, Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement officers, and prosecutors – and their families – with the right to prevent the disclosure of their home addresses and unpublished home telephone numbers, and to enforce those rights against uncooperative profit-seeking data brokers.

2.      This complaint seeks to protect those important rights, against companies brokering data and choosing profit and personal gain over a critical public interest and the unequivocal mandate of the law.  Companies in the business of disclosing this protected information have avoided accountability for far too long, proffering such information, including home addresses and unpublished home telephone numbers, without sufficient regard for the risks and consequences imposed upon individuals who serve critical judicial and law enforcement roles.

3.      The Legislature and Governor unanimously agree that the basic safety of those who serve – and their families – must be assured.  Here, not only do the data brokers wantonly and repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of those who serve.  Worse, data brokers like Defendants who operate the website at issue here, go to great lengths to mask the identities of the entity (or entities) and/or individuals responsible for operating these websites.  Our judges, law enforcement officers and prosecutors should receive the full measure of protection afforded to them under the same laws they enforce for the safety of all citizens.

4.      With this action, Plaintiffs seek to enforce the important rights granted to judges, law enforcement officers, and prosecutors under Daniel's Law.  Consistent with the statutory provisions, Atlas brings this action as an assignee for certain individuals, including many family members of law enforcement officers and prosecutors.  Plaintiffs seek all available injunctive relief and statutory damages, including to prevent any further disclosure by Defendants of information in violation of Daniel's Law.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

5.      In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was shot dead by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just age 20 and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect his parents.  By the time his mother, a Judge, came to the door to check on what happened, the killer was gone.  But her husband was critically wounded, and Daniel tragically died from the gunshot.

6.      During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge, and went to their home that day intending to kill her. Instead, he murdered the Judge's son and almost succeeded in killing her husband as well. Investigators eventually connected this attack with another shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman.  Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to what was pending before Daniel's mother.

3

7.    Critically, the gunman was able to find the home addresses of both of his murder victims through the various people finder resources available on the internet,[1] the same kind of data broker services at issue in this case.

**New Jersey Passes Daniel's Law in 2020**

8.    In response to the shooting of Daniel, New Jersey enacted Daniel's Law within a few months, in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.  Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of Judges and prosecutors.

9.    Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers.  Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."  Data brokers must cease disclosure of this protected information within 10 business days of receiving a nondisclosure request from a covered person.

---

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

10.     Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law.  The Chief Justice was quoted stating, "[t]he law requires every judge to swear an oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety … [a] judicial system cannot and should not live in fear."[2]

11.     The federal bill, which had broad bipartisan support in both the House and Senate, protected judges' personally identifiable information from resale by data brokers.  It allowed federal judges to redact their personal information displayed on federal government internet sites.

12.     The U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4]

**Violence Against Police Officers and Judges Has Not Stopped**

13.     Judges, law enforcement officers, and prosecutors put their lives on the line every day, which is clearly exhibited by numerous horrific stories of violence beyond the story of the murder of Daniel Anderl.  For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers and their 10-day old infant.  That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5]

---

[2] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.
[3] https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.
[4] https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.
[5] Shooters Open Fire On Home Of New Jersey Police Officers In 'Targeted Attack,' Chief Says (forbes.com).

14.     More recently, another perpetrator hunted and killed in cold blood a Maryland

Judge, after a child custody ruling.[6]  The killing followed that of a Wisconsin Judge in 2022, where

the perpetrator killed the retired Judge out of spite for his handling of a criminal case in 2005.[7]

## THE PARTIES

### The Individual Plaintiffs

15.     Plaintiff JANE DOE-1, whose name has been anonymized for safety reasons, is a

decorated veteran police officer working in Northern New Jersey.  Between 2021 and 2022, Officer

Doe-1 participated in a task force that targeted a major criminal organization operating in the

state.  Her efforts ultimately led to the arrest and prosecution of a member of the organization's

leadership, an individual with an extensive criminal history including threats of violence.  In the

subsequent investigation, digital devices recovered from the organization's leadership were

analyzed and photographs of Officer Doe-1's personal residence were identified.  Officer Doe-1

lives in the home with her spouse and their young child.  Evidence recovered in the investigation

included night-time photography of the young child's bedroom and playroom windows, with the

light on while the child was playing inside.  Further investigation revealed that the criminal

organization's leadership had hired a private investigator who searched online data broker websites

to obtain the officer's home address.  Having identified her home address, text messages confirmed

that they had initiated surveillance and were tracking Officer Doe-1's movements to and from her

home, immediately prior to the task force initiating arrests.

---

[6] Judge Andrew Wilkinson: Suspect still on the run after killing a judge at his home in a 'targeted attack' following a child custody ruling, sheriff says | CNN.
[7] Former Judge John Roemer was killed in his Wisconsin home in a targeted attack, officials say | CNN.

16.    Plaintiff JANE DOE-2, whose name has been anonymized for safety reasons, is a veteran correctional police officer who lives in Northern New Jersey with her husband and two young children. Earlier in her career, Officer Doe-2 was the subject of a death threat from a hostile inmate. The inmate stated that they intended to kill Officer Doe-2, and further implied that they would rely upon a particular private investigator to track down Officer Doe-2's home address to facilitate the murder. This death threat was investigated and considered credible enough to result in a successful criminal prosecution. Part of Officer Doe-2's current duties include working in her correctional facility's law library, where inmates have access to the Internet including online data broker websites and services. Recently Officer Doe-2 and her coworkers discovered a note left behind by an inmate which included the full name and home address of a young female member of the jail's administrative staff. The most effective ways to safeguard the security and privacy of their home addresses - for their own safety and that of their family members - is a frequent topic of discussion and concern among the correctional police officers working at Officer Doe-2's facility.

17.    Plaintiff Officer EDWIN MALDONADO joined the Plainfield, New Jersey police department as a patrol officer in 2000. After a few months on the job, he was assigned to street crimes, where he excelled at field work. In 2005, he became a Detective with Plainfield's major crimes unit and joined a Federal task force targeting the Mara Salvatrucha-13 (MS-13) gang in New Jersey. He worked with the task force for the next two years. During that time period, he received multiple credible death threats from MS-13 members. Detective Maldonado did not believe he would be able to safeguard his home address while living in Plainfield and relocated his family to a remote location from which he commuted to work. In 2009, because his relocation effort had been successful and MS-13 could not locate his new home address, gang members

7

targeted Detective Maldonado's mother instead. They intended to burn down her building with her inside, but set fire to an adjacent building by mistake. Phone calls between MS-13 members discussing the premeditated murder of Detective Maldonado and his family, and the premeditated murder of Detective Maldonado's mother, were intercepted by jail wiretaps. Later in multiple criminal trials, evidence was entered into the record regarding these intercepted conversations and premeditated murders, contributing to numerous successful prosecutions.

18.    Plaintiffs Sergeant SCOTT MALONEY ("Sergeant Maloney") and Officer JUSTYNA MALONEY ("Officer Maloney") are husband and wife, both veteran police officers currently serving with the Rahway, New Jersey Police Department. They live together in New Jersey with their two young children. In April of 2023, Officer Maloney responded to a routine call of a suspicious individual outside the Motor Vehicle Commission in Rahway. The individual was an online content creator who often solicits police contact and then films himself debating constitutional rights with the responding officers. A subset of the content creator's audience is vocally anti-police and videos posted to his social media channel have historically been the source of harassment and intimidation campaigns directed at the officers involved. In this case, Officer Maloney and several other responding officers were filmed discussing a number of legal issues with the content creator, including whether or not the content creator was required to take his hands out of his pockets to show that he was unarmed. Overall, the encounter was routine and ended uneventfully.

19.    The resulting video footage was selectively edited and posted to YouTube. Almost immediately upon the video being posted, Officer Maloney was targeted by followers of the channel and other individuals who viewed the video. Sergeant Maloney was quickly identified by viewers as Officer Maloney's husband, and became a target himself, due to their relationship as a

married couple and his own status as a police officer. Web links to data broker websites publicly disclosing the Maloney family's home address and unpublished home telephone numbers were posted along with explicit death threats and calls for violence, resulting in dozens of threatening phone calls and text messages.

20.     One of the text messages sent to Sergeant Maloney demanded money and stated that if Sergeant Maloney did not comply then his family would "pay in blood." The unknown messenger went on to state that they knew where the Maloneys lived and sent the full name and home address of one of the Maloneys' nearby relatives as proof of the messenger's ability to gather sensitive personal information. Sergeant Maloney refused to comply with any demands. He then received a video of three individuals in ski masks armed with handguns and assault rifles repeating the extortion demand. In part of the video, a masked individual points a rifle at the camera and tells Sergeant Maloney that his family is "going to get [their] heads cut off."

21.     Several weeks later, one of the Maloneys' neighbors observed two suspicious looking individuals in ski masks parked one block away from the home and alerted police. Responding officers arrested two men - who were armed - for unlawful possession of a firearm. Video surveillance captured by nearby houses shows the two men circling the Maloneys' house immediately prior to their arrest. Officer Maloney and her two young children were at home at the time.

22.     Plaintiff Officer PETER ANDREYEV is a 32-year veteran of the Point Pleasant, New Jersey police department. Officer Andreyev currently services as the Executive Vice President of the New Jersey State Policemen's Benevolent Association, representing more than 33,000 active law enforcement officers throughout the state. During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family

as a result of his public service. Officer Andreyev has counseled many other officers who have been the target of violent threats on ways to protect themselves and their family members from harm. whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

23.    Plaintiff Officer WILLIAM SULLIVAN is an 18-year veteran of the New Jersey Department of Corrections. Since 2020, Officer Sullivan has served as the President of New Jersey PBA Local 105, the labor union representing thousands of correctional police officers from the New Jersey Department of Corrections, the Juvenile Justice Commission, and State Parole. During the course of his law enforcement career, he has received numerous threats of violence directed at him and his family as a result of his public service. Inmates incarcerated within New Jersey's state prisons frequently attempt to discover the protected information of correctional officers working in their facility. These attempts and the risks posed by such information being accessible on the Internet is a frequent topic of discussion and concern among correctional officers and their family members. Officer Sullivan has counseled many officers whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

**Plaintiff Atlas and its Assignors**

24.    Plaintiff ATLAS DATA PRIVACY CORPORATION is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

25.    As permitted under Daniel's Law, Atlas asserts claims against Defendants as the assignee of the claims of approximately 15,836 individuals who are all "covered persons" under

Daniel's Law (together, the "Covered Persons"), including a significant number of individuals who
are family members of judges, law enforcement officers, and prosecutors.

26.     The Covered Persons include individuals who reside, work or had previously
resided or worked in New Jersey, and qualify as "covered persons" as that term is defined under
Daniel's Law, each of whom have claims against Defendants for failing to comply with Daniel's
Law.

27.     As set forth in more detail below, the Covered Persons (as well as the Individual
Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice
requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making
available their protected information on one or more of Defendants' websites or through other
methods of disclosure.

28.     Defendants have not complied with the law by ceasing the disclosure or re-
disclosure on the Internet or the otherwise making available of protected information as required
under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs)
as required by the law.

29.     In accordance with Daniel's Law, each of the Covered Persons has assigned their
rights for claims thereunder against Defendants to Atlas.

30.     Atlas provides an online platform, including an email service named AtlasMail, to
law enforcement officers, prosecutors, judges, and other covered persons.  Atlas works with and
provides access to its platform to members of the New Jersey State Policemen's Benevolent
Association, the Metropolitan Transportation Authority Police Benevolent Association, New
Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others.
The goal of these unions and associations, since the first passage of Daniel's Law in November

11

2020, was to increase the safety and well-being of their members and associated households by helping those members to understand and assert the rights provided to them by the law.

31.    Upon signing up for Atlas, a law enforcement officer or other Covered Person is asked a series of questions to collect required personal information and qualify their eligibility as a Covered Person under Daniel's Law.   Once eligibility is confirmed, they are shown a page explaining how the Atlas platform works:

## How Atlas Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your home address or phone number. Atlas provides you with tools and services to help make the process more efficient.

1   **We identify data brokers that may be disclosing your personal information.** As of January 2024, our system tracks over 1,000 data brokers who operate in the United States.

2   **You select the data brokers to whom you want to send takedown notices.** We have lists of data brokers that we recommend, in order to make the selection process easier and more efficient. Alternatively, you can select recipients individually.

3   **You review takedown notice templates.** AtlasMail provides you with templates for takedown notice emails.

4   **You send takedown notices.** Your Atlas service includes an AtlasMail email address. You can use this email address to send takedown notices. More information about AtlasMail will be on the next screen.

**Back**                                    **Next**

32.    AtlasMail is an email service operated by Atlas.  Upon signing up with Atlas, each law enforcement officer or other Covered Person receives their own AtlasMail account, with a unique inbox address (e.g. john.doe23@atlasmail.com) for their personal use.  A description of

12

AtlasMail and more information about how the email service works are provided on a page during the signup process:

## How AtlasMail Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your sensitive personal information.

Atlas has created an email service, called **AtlasMail**, for its members to use for this purpose.

✓  Upon completing this signup process, a new email account will be created for your personal use. It will be:
**john.doe23@atlasmail.com**

✓  You can access this email account from within the Atlas web application.

✓  This email account belongs to you and you can use it however you want, within certain anti-spam and similar limitations imposed by our terms of service.

**Back**                                              **Next**

33.      Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the law enforcement officer or other Covered Person is then presented with a page on which they can review their home addresses and unpublished home telephone numbers, a takedown notice template, and a recommended list of data brokers to send notices to. On this page the law enforcement officer or other Covered Person can choose whether or not to send takedown notices. If they choose not to send takedown notices to the recommended list, they can select individual recipients at a later page (as shown in the example copied below). Here, each of the Individual Plaintiffs and Covered Persons sent Defendants a takedown notice.

13



34.     Any reply or response back from a data broker to the law enforcement officer or other Covered Person is received and displayed in their AtlasMail inbox.  AtlasMail is a fully featured email service provider, and its users can reply, forward, or use their AtlasMail account as they would any other email account:

# AtlasMail

✏ Compose

🔍 Search in Mail

≡ **ALL MAIL**    📥 INBOX    ➤ SENT    📣 ASSIGNMENT CONFIRMATIONS

| | | |
|---|---|---|
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 11:40 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 11:39 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 11:39 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 8:29 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 8:29 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 8:29 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |

‹ 1 2 3 4 5 ... 16 ›

**Redaction/Nondisclosure Request Confirmation**

| | |
|---|---|
| **To** | john.doe23@atlasmail.com |
| **From** | privacy@exampledatabroker.com |
| **Date** | Fri, Jan 26, 2024 8:14 PM |

Dear John,

Thank you for your redaction/nondisclosure request pursuant New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act") and Section 3 of New Jersey P.L. 2015, c.226 (C.56:8-166.1) (as amended, "Chapter 226"). We are writing to confirm that Example Data Broker Inc. will honor your request as required by the Act and Chapter 226.

Sincerely,

Example Data Broker Inc.

Reply    Forward

35.    With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those Covered Persons. This lawsuit seeks to protect their privacy without unnecessarily putting those individuals in the spotlight. Atlas will work with the Court and Defendants to implement a protective order to then provide Defendants with the assignments and other information for each of the Covered Persons.

### Defendants

36.    VoterRecords.com is a website operated by defendants ABC Companies and/or Richard Roes, an unknown entity (or entities) and/or individuals, that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons (the "Website"). Following a reasonably diligent investigation and

16

based on the information available to Plaintiffs at this time, Plaintiffs are unable to identify the entity (or entities) and/or individuals responsible for operating the Website.  Plaintiffs are in the process of working with the domain name registrar of the Website to identify the entity (or entities) and/or individuals responsible for operating the Website in violation of Daniel's Law. Plaintiffs will amend this Complaint by identifying these fictitiously named defendants upon receipt of information sufficient to identify the entity (or entities) and/or individuals responsible for operating the Website.

37.     Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

38.     Defendants offer and engage in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey.  Those websites include:

voterrecords.com

39.     In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual

17

Plaintiffs and Covered Persons). The following is a redacted example of the detailed information provided by Defendants,[8] in violation of Daniel's Law:



---

[8] Consistent with the mandate of Daniel's Law and the public policy considerations underpinning Rule 1:38-7, personal information in the search results has been redacted from the exemplar screenshots included herein.

40. As the screenshot above shows, visitors, users, or customers can not only obtain the protected information of the Individual Plaintiffs and Covered Persons but also the protected information of their family members.

41. Daniel's Law was passed to protect those who serve from the disclosure of this protected information by such services, which disclose such information of the Individual Plaintiffs and Covered Persons for their own commercial interests, without sufficient regard to the risks and consequences imposed on individuals.

## JURISDICTION AND VENUE

42. This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

43. Venue is proper pursuant to R. 4:3-2, in that Mercer County is the county in which one or more of the parties and/or Covered Persons reside and/or conduct business. In addition, many of the events giving rise to this action occurred in this County.

## FACTS COMMON TO ALL COUNTS

44. As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020, c. 125 *codified as* N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1).

45. Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons as defined in the law, upon a written request by those individuals.

46. Upon notification, and no later than 10 business days after receipt, a data broker must not disclose or re-disclose on the Internet or otherwise make available the home addresses or unpublished home telephone numbers of the covered person.

19

47.    This includes a mandate that within 10 business days of receiving a nondisclosure request, the data broker shall not disclose the protected information of the covered person. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

48.    Daniel's Law was amended in 2023, as P.L. 2023, c. 113.  The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.

49.    Certain provisions of the amended law, including changes to N.J.S.A. 56:8-166.1, went into effect immediately.

50.    As of July 20, 2023, Daniel's Law as codified in N.J.S.A. 56:8-166.1 provided:[9]

3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.

b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.

c. The court shall award:

(1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;

(2) punitive damages upon proof of willful or reckless disregard of the law;

(3) reasonable attorney's fees and other litigation costs reasonably incurred; and

(4) any other preliminary and equitable relief as the court determines to be appropriate.

---

[9] https://pub.njleg.state.nj.us/Bills/2022/PL23/113_.PDF

d. For the purposes of this section:

…"Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

51.     Starting on or about December 20, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail.

52.     For example, a true and correct copy of the email directly from Plaintiff Sullivan (with personal information redacted) is pasted here:

## Data Subject Request - Redaction/nondisclosure Request

**To**       admin@voterrecords.com
**From**     William Sullivan <███████████@atlasmailservice.com>
**Date**     Fri, Dec 22, 2023 7:00 AM UTC-0500

Voter Records
December 22, 2023

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: William Sullivan

Home Address: ████████████████████████

Sincerely,
William Sullivan

21

53.     Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the Individuals Plaintiffs and Covered Persons within the time period required by Daniel's Law.

54.     Even as of the date of this filing, Defendants still refuse to comply with Daniel's Law.  Protected information of the Individual Plaintiffs and those Covered Persons who assigned Atlas their Daniel's Law claims against Defendants remains available from Defendants using Defendants' search tools or other means of disclosure.

55.     All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs) have assigned their claims against Defendants to Atlas.

56.     The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

<u>**COUNT ONE**</u>

**(Daniel's Law)**

57.     The allegations of the Complaint set forth above are included herein as if set forth at length.

58.     The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

59.     Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

60.     As of the date of this filing, Defendants still refuse to comply with Daniel's Law.  The protected information (including home addresses and/or unpublished home telephone

22

numbers) of the Individual Plaintiffs and the Covered Persons remains "available or viewable within a searchable list or database" or otherwise made available.

61.    Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitute a separate violation under the law.

62.    As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request all available relief.

63.    As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information of the Individual Plaintiffs and the Covered Persons remains disclosed or otherwise made available despite proper requests for nondisclosure in violation of Daniel's Law. As such, Plaintiffs request that the Court enter all appropriate legal and equitable relief.

WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:

A. Ordering that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individuals Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B. Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C. Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D. Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

E. Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F. Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law;

G. Entering equitable or other permanent injunctive relief requiring Defendants to surrender and relinquish the Website to the ownership and control of Atlas; and

H. Awarding such other and further relief against Defendants as the Court deems equitable and just.

Respectfully Submitted,

**GENOVA BURNS LLC**

Dated: February 7, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh
Kathleen Barnett Einhorn
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777

*Attorneys for Plaintiffs*

**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao
Beko Reblitz-Richardson
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee
100 SE 2nd St., 28th Floor
Miami, FL 33131

Tel.: (305) 539-8400
jlee@bsfllp.com

Adam Shaw
30 South Pearl Street, 12th Floor
Albany, NY 12207
Tel.: (518) 434-0600
ashaw@bsfllp.com

Melissa Zonne
Samantha Parrish
2029 Century Park East
Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
mzonne@bsfllp.com
sparrish@bsfllp.com

**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
John A. Yanchunis
Ryan J. McGee
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

(*pro hac vice motions to be filed*)

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4, Rajiv

D. Parikh, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.

**GENOVA BURNS LLC**

Dated: February 7, 2024                    By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

25

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy between the parties hereto is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding between the parties hereto is contemplated. Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties that should be joined in the within action.

**GENOVA BURNS LLC**

Dated: February 7, 2024                     By: */s/ Rajiv D. Parikh*

                                            Rajiv D. Parikh, Esq.


## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

Pursuant to Rule 1:38-7(b), it is hereby stated that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

**GENOVA BURNS LLC**

Dated: February 7, 2024                     By: */s/ Rajiv D. Parikh*

                                            Rajiv D. Parikh, Esq.

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-000288-24

**Case Caption:** ATLAS DATA PRIVACY C ORPORATIO  VS
VOTERRECORDS.C

**Case Initiation Date:** 02/08/2024

**Attorney Name:** RAJIV D PARIKH

**Firm Name:** GENOVA BURNS LLC

**Address:** 494 BROAD ST 6TH FL

NEWARK NJ 07102

**Phone:** 9735330777

**Name of Party:** PLAINTIFF : ATLAS DATA PRIVACY
CORPORATION

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** OTHER Daniel's Law

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: ATLAS DATA PRIVACY
CORPORATION?** NO

**Are sexual abuse claims alleged by: JANE DOE 1?** NO

**Are sexual abuse claims alleged by: JANE DOE 2?** NO

**Are sexual abuse claims alleged by: EDWIN MALDONADO?** NO

**Are sexual abuse claims alleged by: SCOTT MALONEY?** NO

**Are sexual abuse claims alleged by: JUSTYNA MALONEY?** NO

**Are sexual abuse claims alleged by: PETER ANDREYEV?** NO

**Are sexual abuse claims alleged by: WILLIAM SULLIVAN?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/08/2024
Dated

/s/ RAJIV D PARIKH
Signed

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON          NJ 08650-0068
                                   TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   FEBRUARY 08, 2024
                        RE:     ATLAS DATA PRIVACY C ORPORATIO  VS VOTERRECORDS.C
                        DOCKET: MER L -000288 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON R BRIAN MCLAUGHLIN

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     008
AT:  (609) 571-4200 EXT 74491.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                             ATT: RAJIV D. PARIKH
                             GENOVA BURNS LLC
                             494 BROAD ST 6TH FL
                             NEWARK          NJ 07102


ECOURTS

# EXHIBIT B



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.814.4045
Web: www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

March 19, 2024

**VIA ECOURTS**

The Honorable John D. O'Dwyer, P.J.Cv.
Bergen County Justice Center
10 Main Street, Floor 3
Hackensack, NJ 07601

The Honorable Lourdes Lucas, J.S.C.
Monmouth County Courthouse
71 Monument Park, PO Box 1266, 2nd Floor
Freehold, NJ 07728

The Honorable Douglas H. Hurd, P.J.Cv.
Mercer County Civil Courthouse
175 South Broad Street, Floor 3
Trenton, NJ 08650

The Honorable Joseph L. Rea, J.S.C.
Middlesex County Courthouse
56 Paterson Street, PO Box 964, 4th Floor
New Brunswick, NJ 08903

The Honorable Marcy M. McMann, J.S.C.
Records and Administration Building
Court Street, 4th Floor
Morristown, NJ 07963

Re:  **Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.,**
     **Docket No.: BER-L-767-24**
     **Atlas Data Privacy Corporation, et al. v. PIPL, Inc. et al.,**
     **Docket No.: MON-L-481-24**
     **Atlas Data Privacy Corporation, et al. v. Whitepages, Inc., et al.,**
     **Docket No.: MER-L-270-24**
     **Atlas Data Privacy Corporation, et al. v. NJ Property Records, LLC, et al.,**
     **Docket No.: MID-L-811-24**
     **Atlas Data Privacy Corporation, et al. v. Melissa Data Corp., et al.,**
     **Docket No.: MRS-L-224-24**

Dear Judge:

    We write on behalf of the Plaintiffs in the above referenced matters and the matters in the enclosed notices of motion. Plaintiffs' motions to consolidate all Daniel's Law actions filed by Plaintiffs on March 12, 2024 in Bergen County, Monmouth County, Mercer County, Middlesex County, and Morris County are currently returnable on March 28, 2024 (the "Motions").



The Honorable John D. O'Dwyer, P.J.Cv.
The Honorable Douglas H. Hurd, P.J.Cv.
The Honorable Marcy M. McMann, J.S.C.
The Honorable Lourdes Lucas, J.S.C.
The Honorable Joseph L. Rea, J.S.C.
March 19, 2024
Page 2 of 2

To preserve judicial resources and alleviate the burden on courts with filing approximately one-hundred and fifty (150) motions to consolidate across five (5) counties, Plaintiffs filed one (1) consolidation motion in the first action filed in the aforementioned counties. Plaintiffs are hopeful that Defendants will likewise file any opposition(s) under these dockets to reduce the total number of communications and/or motion papers filed by counsel and reduce the burden on the courts.

Since filing the Motions, Plaintiffs' counsel have emailed numerous counsel who had advised via email that they represent Defendants in these actions, providing the identified defense counsel with a courtesy copy of Plaintiffs' motion to consolidate. It appears that most of those counsel have not yet filed notices of appearance with the courts, and Plaintiffs' counsel are hopeful that they do that soon to provide for a more streamlined notification process going forward.

Counsel for a number of the Defendants have requested an adjournment of the pending motions to consolidate.

In an effort to accommodate the adjournment requests from Defendants' counsel, and to provide an additional opportunity for counsel and any non-represented Defendants to review and respond to Plaintiffs' motions to consolidate and respond thereto, Plaintiffs are willing to adjourn the motions one (1) motion cycle.

Plaintiffs respectfully request an adjournment of the motions from March 28, 2024 to April 12, 2024. Plaintiffs also respectfully propose and request that any opposition(s) by Defendants must be filed on or before April 1, 2024, and any reply brief(s) by Plaintiffs must be filed on or before April 8, 2024. As noted, Plaintiffs are hopeful that Defendants will coordinate with regards to any opposition(s), to reduce the burden on the courts.

Thank you for your time and attention to this matter.

Respectfully submitted,

**GENOVA BURNS LLC**

s/Rajiv D. Parikh

RAJIV D. PARIKH

RDP/JJB:lq
17480522(25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000767-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | **NOTICE OF MOTION TO CONSOLIDATE** |
| ENFORMION, LLC, ENFORMION HOLDCO INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000768-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| MYLIFE.COM, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,* | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000769-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |

SOCIAL CATFISH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

          Defendants.

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000770-24 |
|       Plaintiffs, | **CIVIL ACTION** |
| v. | |
| COSTAR GROUP, INC., COSTAR REALTY INFORMATION, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|       Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000771-24 |
|       Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SCALABLE COMMERCE, LLC, NATIONAL DATA ANALYTICS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|       Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000772-24 |
|       Plaintiffs, | **CIVIL ACTION** |
| v. | |

INTELAGE SYSTEMS CORP., RICHARD
ROES 1-10, fictitious names of unknown
individuals and ABC COMPANIES 1-10,
fictitious names of unknown entities,

          Defendants.

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000773-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CORELOGIC, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000793-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| BOUNDARY SOLUTIONS, INCORPORATED, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000794-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SWORDFISH AI INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000810-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TRANSUNION, LLC., NEUSTAR, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000811-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GREENFLIGHT VENTURE CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000812-24 |
| **Plaintiffs,** | **CIVIL ACTION** |
| v. | |
| LABELS & LISTS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| **Defendants.** | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000813-24 |
| **Plaintiffs,** | **CIVIL ACTION** |
| v. | |
| ONXMAPS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| **Defendants.** | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000814-24 |
| **Plaintiffs,** | **CIVIL ACTION** |
| v. | |
| LUSHA SYSTEMS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| **Defendants.** | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000815-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| UNMASK LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000818-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| MAPRIGHT INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,* | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000819-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| PRECISELY HOLDINGS LLC, PRECISELY SOFTWARE INC., PRECISELY SOFTWARE LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000821-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DELUXE CORPORATION, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000822-24

**CIVIL ACTION** |
| Plaintiffs, | |
| v. | |
| SYNC.ME TECHNOLOGIES, LTD., SYNC.ME LTD, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, and PETER ANDREYEV, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000849-24 |
|        Plaintiffs, | **CIVIL ACTION** |
|     v. | |
| OFFICIALUSA.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
|        Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000854-24 |
|        Plaintiffs, | **CIVIL ACTION** |
| v. | |
| E-MERGES.COM INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|        Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000855-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| MAIN STREET RESPONSE LLC, DBA ID TRUE, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000856-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| YARDI SYSTEMS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000866-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| NATIONAL SEARCH ASSOCIATION CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000867-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ATDATA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000868-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CLARITAS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000869-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SAGEWIRE RESEARCH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000870-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000871-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| RE/MAX, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000872-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INFOMATICS LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000873-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ROCKETREACH LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000874-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ZILLOW, INC., ZILLOW GROUP, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000875-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| LEXISNEXIS RISK DATA MANAGEMENT, LLC, RELX, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000878-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| QUANTARIUM ALLIANCE, LLC, QUANTARIUM GROUP, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000917-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ORACLE INTERNATIONAL CORPORATION, ORACLE AMERICA, INC., ORACLE CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000918-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| AMSIVE, LLC, AMSIVE AQ LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000919-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| EQUIFAX INC., KOUNT INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000920-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CHOREOGRAPH LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000969-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THE ALESCO GROUP, L.L.C., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000970-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| USPHONESEARCH.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000971-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| EDVISORS NETWORK, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-001038-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INNOVATIVE WEB SOLUTIONS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

TO:   All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Bergen County, 10 Main Street, Hackensack, New Jersey 07601 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461411v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WHITEPAGES INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000270-24<br><br>**CIVIL ACTION**<br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>BLACK KNIGHT TECHNOLOGIES, LLC, BLACK KNIGHT, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000271-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE LIFETIME VALUE CO. LLC, BEENVERIFIED, INC., NEIGHBORWHO LLC, THE NUMBERGURU, LLC, PEOPLELOOKER LLC, PEOPLESMART LLC, OWNERLY, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000272-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ATTOM DATA SOLUTIONS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000273-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MYHERITAGE LTD., MYHERITAGE (USA), INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000282-24<br><br>**CIVIL ACTION** |

|  |  |
|---|---|
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000283-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ACXIOM LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000284-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FORTNOFF FINANCIAL LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000285-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| HIYA INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000286-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| LUCKY2MEDIA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000288-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| VOTERRECORDS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000290-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC., VERICAST CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000292-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CIVIL DATA RESEARCH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000293-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| PROPERTYRADAR, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000294-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| PREVILON, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000297-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| I360, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000299-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SCSD HOLDINGS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DYNATA LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000308-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIGHTBOX PARENT, L.P., LIGHTBOX HOLDINGS, L.P., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000309-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SMARTY, LLC, SMARTYSTREETS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000310-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000311-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ADSTRA, LLC, ADSTRA INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000319-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| COCOFINDER.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000320-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| AREAPLOT, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000328-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FIRST DIRECT, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000335-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TELEPHONEDIRECTORIES.US, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

TO:    All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Mercer County, 175 S. Broad Street, Trenton, New Jersey 08608 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461427v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NJ PROPERTY RECORDS, LLC, STATE INFORMATION SERVICES LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000811-24 <br><br> **<u>CIVIL ACTION</u>** <br><br> **NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN, <br><br> Plaintiffs, <br><br> v. <br><br> TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000812-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIGITAL SAFETY PRODUCTS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000814-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INFOPAY, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000815-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RADARIS, LLC, RADARIS AMERICA, INC., ANDTOP CORP., ALBERA LIMITED BITSELLER EXPERT LIMITED, ACCURACY CONSULTING LTD., VIRTURA CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000847-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000848-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ACCURATE APPEND, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000849-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| OUTSIDE INTERACTIVE, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000850-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GLAD I KNOW INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>TELTECH SYSTEMS, INC., EPIC ENTERPRISES, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000859-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>      Plaintiffs,<br><br>v.<br><br>ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000898-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000901-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| REVEALNAME.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000903-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| VERISK ANALYTICS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000904-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SEARCHBUG, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |

| | |
|---|---|
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000915-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FIRST AMERICAN FINANCIAL CORPORATION, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000988-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| 6SENSE INSIGHTS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000989-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GIANT PARTNERS, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000990-24 |
|        Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DM GROUP, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|        Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000991-24 |
|        Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INSIDERE, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|        Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000992-24 |
|        Plaintiffs, | **CIVIL ACTION** |
| v. | |
| OWMN, LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|        Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001052-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| AMERILIST INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001063-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| PEOPLEWHIZ, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001221-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| STIRISTA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

TO: All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Middlesex County, 56 Paterson Street, New Brunswick, New Jersey 08901 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461434v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>PIPL, INC., RICHARD ROES 1-10, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000481-24<br><br>**CIVIL ACTION**<br><br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>RED VIOLET, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000482-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DATA AXLE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000483-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PEOPLECONNECT, INC., PEOPLECONNECT HOLDINGS, INC., INTELIUS, LLC, PEOPLECONNECT INTERMEDIATE, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000484-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BATCHSERVICE LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000485-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOY ROCKWELL ENTERPRISES, INC DBA POSTCARDMANIA PCM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000486-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHECKPEOPLE, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000506-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM R. WETZEL, WENDY E. WETZEL, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000507-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000508-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RESTORATION OF AMERICA, VOTER REFERENCE FOUNDATION LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000510-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLNUT.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000512-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PEOPLE DATA LABS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000515-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEARCH QUARRY, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000516-24 <br><br> CIVIL ACTION |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PETER KAWASAKI, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000517-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>EPSILON DATA MANAGEMENT, LLC, CONVERSANT LLC, CITRUS AD INTERNATIONAL, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000533-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>COMPACT INFORMATION SYSTEMS, LLC, ACCUDATA INTEGRATED MARKETING, INC., ALUMNIFINDER, ASL MARKETING, INC., COLLEGE BOUND SELECTION SERVICE, DEEPSYNC LABS, HOMEDATA, STUDENT RESEARCH GROUP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000534-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>EQUIMINE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000535-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>NEIGHBOR.REPORT, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000537-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>SPECIALISTS MARKETING SERVICES, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000539-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>ACCUZIP, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000554-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>WILAND, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000577-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>LTRAC LLC, BUILDOUT, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000694-24<br><br>**CIVIL ACTION** |

TO:    All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Monmouth County, 71 Monmouth Street, Freehold, New Jersey 07728 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461447v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000224-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | **NOTICE OF MOTION TO CONSOLIDATE** |
| MELISSA DATA CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000225-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| NUWBER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000226-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TWILIO INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and | |

ABC COMPANIES 1-10, *fictitious names of unknown entities*,

      Defendants.

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>SPOKEO, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000227-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>ZENLEADS INC. D/B/A APOLLO.IO, ZENLEADS HOLDINGS LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000228-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000229-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| 411.INFO CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000230-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DATABASEUSA.COM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000231-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| REIPRO LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000237-24 |
|           Plaintiffs, | **CIVIL ACTION** |
|     v. | |
| CALLERSMART INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
|           Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000241-24 |
|           Plaintiffs, | **CIVIL ACTION** |
|     v. | |
| SKOPENOW, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
|           Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000242-24 |
|           Plaintiffs, | **CIVIL ACTION** |
|     v. | |
| DEHASHED.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
|           Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>BLACKBAUD, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000243-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>DELVEPOINT, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000244-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>INFORMATION.COM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000245-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000247-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| LOCATEPLUS HOLDINGS CORPORATION (F.K.A. LOCATE PLUS.COM, F.K.A. WORLDWIDE INFORMATION INC.), RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000249-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| VERICORA.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000256-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CLUSTRMAPS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000257-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THE PEOPLE SEARCHERS, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000258-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| REMINE INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000259-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SPY DIALER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TELNYX LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000260-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THRYV, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000261-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SPYCLOUD, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000263-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>CARCO GROUP INC., INTELLICORP RECORDS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000270-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>COMMERCIAL REAL ESTATE EXCHANGE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000271-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>INNOVIS DATA SOLUTIONS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000285-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>SAP AMERICA, INC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000286-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>THOMSON REUTERS CORPORATION, THOMSON REUTERS HOLDINGS INC., THOMSON REUTERS CANADA LIMITED, THOMSON REUTERS APPLICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000320-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>US DATA CORPORATION, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000323-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000325-24 |
|         Plaintiffs, | **CIVIL ACTION** |
|    v. | |
| THE OPEN DATA PEOPLE, INC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
|         Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000379-24 |
|         Plaintiffs, | **CIVIL ACTION** |
|    v. | |
| WE INFORM, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
|         Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000483-24 |
|         Plaintiffs, | **CIVIL ACTION** |
|    v. | |
| AGR GROUP INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
|         Defendants. | |

TO:    All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Morris County, 56 Washington Street, Morristown, New Jersey 07960 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461459v1 (25221.001)