UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>VOTERRECORDS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>　　　　　　　　Defendants. | Civil Action No.: 1:24-cv-04385-HB |

**DEFENDANT SYNAPTIX TECHNOLOGY, LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Synaptix Technology, LLC improperly pleaded as VoterRecords.com ("Defendant" or "Synaptix"), by way of Answer to Plaintiffs' Complaint in this matter, hereby alleges and says as follows:

**INTRODUCTION**

1. The allegations in the first sentence of this paragraph consist of conjecture, opinion, and/or legal conclusions to which no response is required. To

164236246.1    1

the extent a response is deemed necessary, the allegations are denied. Daniel's Law is a statute that speaks for itself; therefore, no response to the second sentence of this paragraph is required. Defendant denies any characterization of Daniel's Law that is inconsistent with the full and complete substance of the statute, and specifically denies any allegations that misconstrue, misinterpret, or mischaracterize it. It is further specifically denied that Defendant violated Daniel's Law.

2. The allegations in this paragraph consist of conjecture, opinion, and/or legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in the first sentence of this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to those allegations. Defendant admits only that legislation titled Daniel's Law was enacted in New Jersey. Defendant specifically denies any violation of Daniel's Law. The remaining allegations in this paragraph consist of conjecture, opinion, and/or legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

4. The Complaint is a document that speaks for itself and therefore, no response to the first sentence of this paragraph is required. Defendant admits that Atlas purports to bring this action as an assignee for certain individuals, but denies

that the assignments were proper or effective, and further denies that Plaintiffs are entitled to any recovery from Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning those individuals, including whether the purported assignors were family members of law enforcement officers or prosecutors, and therefore denies that allegation. Defendant admits that Plaintiffs seek damages and injunctive relief in the Complaint, but denies that Plaintiffs are entitled to any such relief. The remaining allegations consist of conjecture, opinion, and/or legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the remaining allegations.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

5. Upon information and belief, admitted.

6. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same

7. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same

### New Jersey Passes Daniel's Law in 2020

8. Daniel's Law is a statute which speaks for itself, and, therefore, no response to this paragraph is required. Defendant denies any characterization of Daniel's Law that is inconsistent with the full and complete substance of the statute, and denies any allegations that misconstrue, misinterpret, or mischaracterize it. Further, the allegations in this paragraph consist of legal conclusions to which no response is required. It is specifically denied that Defendant violated Daniel's Law.

9. Daniel's Law is a statute which speaks for itself, and, therefore, no response to this paragraph is required. Defendant denies any allegations that misconstrue, misinterpret, or mischaracterize the statute, and specifically denies that Defendant violated Daniel's Law. Further, the allegations in this paragraph consist of legal conclusions to which no response is required.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

10. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

11. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

164236246.1   4

12. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

### **Violence Against Police Officers and Judges Has Not Stopped**

13. The allegations in the first sentence of this paragraph consist of conjecture, opinion, and/or legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph and, therefore, they are denied.

14. The allegations in this paragraph consist of conjecture, opinion, and/or legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, they are denied.

### **THE PARTIES**

#### **The Individual Plaintiffs**

15. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same. Defendant reserves all rights and does not concede that Plaintiffs are entitled to proceed anonymously as Jane Doe-1.

164236246.1    5

16. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same. Defendant reserves all rights and does not concede that Plaintiffs are entitled to proceed anonymously as Jane Doe-2.

17. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

18. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

19. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

20. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

21. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

22. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

23. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

**Plaintiff Atlas and its Assignors**

24. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

25. This paragraph sets forth a conclusion of law to which no response is required. To the extent it is deemed to contain allegations of fact requiring a response, Defendant denies the same. Defendant denies that the purported assignments were proper or valid, that Plaintiffs' claims are permitted under Daniel's Law, and that Defendant is liable to Plaintiffs. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, including whether the purported assignors are "Covered Persons" as defined by Daniel's Law.

26. This paragraph sets for a conclusion of law as to which no response is required. To the extent that this paragraph is deemed to set forth an allegation of fact as to which a response is required, Defendant denies the same.

27. Denied.

28. Denied.

29. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, including whether the purported assignors are "Covered Persons" as defined by Daniel's Law, and therefore denies the same.

30. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

31. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

32. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

33. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

34. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and, therefore, leaves Plaintiffs to their proofs with respect to the same.

35. Denied that Plaintiffs have asserted any valid claim against Defendant and further denied that Plaintiffs are entitled to any relief against Defendant.

**<u>Defendants</u>**

36. Denied.

37. Defendant lacks knowledge or information to admit or deny the allegations contained in the corresponding paragraph which are directed to other entities and, therefore, Defendant leaves Plaintiffs to their proofs.

38. Admitted only that Defendant operated voterrecords.com. The remaining allegations of this paragraph are denied.

39. Denied.

40. Denied.

41. Defendant admits only that legislation titled Daniel's Law was enacted in New Jersey. Defendant specifically denies any violation of Daniel's Law. The remaining allegations in this paragraph consist of conjecture, opinion, and/or legal

164236246.1     9

conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the remaining allegations.

## JURISDICTION AND VENUE

42. This paragraph sets forth a conclusion of law as to which no response is required. To the extent that this paragraph is deemed to set forth allegations of fact as to which a response is required, Defendant denies the same. Further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the residency of the purported Covered Persons and, therefore, they are denied.

43. This paragraph sets forth a conclusion of law as to which no response is required. To the extent that this paragraph is deemed to set forth allegations of fact as to which a response is required, Defendant denies the same. Further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the residency of the purported Covered Persons and, therefore, they are denied.

## FACTS COMMON TO ALL COUNTS

44. Admitted.

45. Daniel's Law is a statute which speaks for itself, and, therefore, no response to this paragraph is required. Defendant denies any characterization of Daniel's Law that is inconsistent with the full and complete substance of the statute,

and denies any allegations that misconstrue, misinterpret, or mischaracterize it. It is specifically denied that Defendant violated Daniel's Law.

46. Daniel's Law is a statute which speaks for itself, and, therefore, no response to this paragraph is required. Defendant denies any characterization of Daniel's Law that is inconsistent with the full and complete substance of the statute, and denies any allegations that misconstrue, misinterpret, or mischaracterize it. It is specifically denied that Defendant violated Daniel's Law.

47. Daniel's Law is a statute which speaks for itself, and, therefore, no response to this paragraph is required. Defendant denies any characterization of Daniel's Law that is inconsistent with the full and complete substance of the statute, and denies any allegations that misconstrue, misinterpret, or mischaracterize it. It is specifically denied that Defendant violated Daniel's Law.

48. Admitted.

49. Admitted.

50. The allegations in this paragraph refer to, quote, or summarize a statute, which is a written document. The statute speaks for itself, and Defendant denies any allegation or characterization that is inconsistent with its full and complete substance.

51. Admitted only that starting on or about December 21, 2023, Defendant received emails from the domain @atlasnotices.com and again on December 22,

2023 from a different domain @atlasmailservice.com. Defendant denies the remaining allegations in this paragraph.

52. Denied. By way of further response, Defendant conducted a search of its database and did not locate or receive the purported email from Plaintiff Sullivan.

53. Denied.

54. Denied.

55. Defendant denies that the purported Covered Persons sent the alleged nondisclosure requests to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, they are denied.

56. Denied.

## COUNT ONE

### (Daniel's Law)

57. Defendant hereby repeats its response to each and every prior allegation of the Complaint and incorporated same by reference as if fully set forth at length herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**WHEREFORE**, Defendant demands judgment in its favor dismissing the Complaint with prejudice and awarding it attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because one or more Plaintiffs lack standing to pursue their claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred completely or in part because at all times relevant to this matter, Defendant acted in good faith and complied with all applicable laws, including Daniel's Law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred completely or in part because Atlas is not an appropriate assignee under Daniel's Law because one or more of the assignors are invalid.

164236246.1     13

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, as a result of, among other things, Atlas intentionally waiting and sending the takedown notices in a manner that was intended to create noncompliance.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred completely or in part because Atlas's actions constitute entrapment by sending takedown notices in a burdensome manner and failing or refusing to respond to Defendant with regard to questions about the notices.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred completely or in part because performance was impossible, as a result of, among other things, the delay and intentional sending of thousands of takedown notices in a manner intended to make it impossible to comply.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages, including but not limited to delaying takedown requests and

164236246.1  14

refusing to provide responses to Defendant's inquiries regarding the takedown requests.

## TENTH AFFIRMATIVE DEFENSE

The alleged damages sustained by Plaintiffs, if any, were caused by the conduct of third parties over whom Defendant had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages proximately caused by Defendant's alleged actions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not comply with the obligations of Daniel's Law to trigger any obligations by Defendant under Daniel's Law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to the extent that Defendant is not a proper party to this lawsuit, including with respect to the websites identified in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant is found to be liable to Plaintiffs, Defendant is entitled equitable indemnification from Atlas.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages fail to the extent that such damages would constitute an impermissible penalty and/or fail to reasonably relate to any claimed actual damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages and/or to the extent that such damages would be inconsistent with state or federal constitutional principles.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief fail to the extent that they have not set forth any basis for such relief, including as to Atlas, which is not a "Covered Person."

## EIGHTEENTH AFFIRMATIVE DEFENSE

Daniel's Law may not be enforced against Defendant because it facially violates the United States and/or New Jersey Constitutions. Alternatively, application of Daniel's Law against Defendant under the facts of this case would violate the United States and/or New Jersey Constitutions.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred completely or in part because they are frivolous and therefore in violation of Federal Rule of Civil Procedure 11 and/or N.J.S.A. 2A:15-59.1.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed because Defendant has at no time breached any duty -- contractual, common law, statutory or otherwise -- to Plaintiffs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Daniel's Law is preempted by federal laws, including, but not limited to, The National Voter's Registration Act (52 U.S.C. §§20501-20511) and/or the Communications Decency Act (42 U.S.C. §230).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they do not meet the statutory definition of "Covered Persons" under Daniel's Law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs willful contrived their present claims by intentionally waiting and sending thousands of takedown notices at once over a holiday season to specifically create noncompliance and a basis for the present action, constituting abuse of process and/or malicious prosecution.

## RESERVATION/INCORPORATION DEFENSES

Defendant reserves the right to assert any and all Affirmative Defenses, both factual and legal, as may be justified by information subsequently obtained, and further incorporates any such defenses as if fully set forth herein.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By: /s/ Thomas C. Regan
Thomas C. Regan, Esq.
Brian C. Deeney, Esq.
Matthew S. AhKao, Esq.
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
973-577-6260
Thomas.Regan@lewisbrisbois.com
Brian.Deeney@lewisbrisbois.com
Matthew.AhKao@lewisbrisbois.com
*Attorneys for Defendant Synaptix Technology, LLC improperly pleaded as VoterRecords.com*