LEWIS BRISBOIS

Brian Deeney
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Brian.Deeney@lewisbrisbois.com
Direct: 973.792.8726

September 8, 2026

**VIA ECF**

Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the
District of New Jersey (by designation)
c/o United Stated District Court for the
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re: Atlas Data Privacy et al v. Synaptix Technology LLC
Docket No.: 1:24-cv-04385

Dear Judge Bartle:

Our office represents Defendant, Synaptix Technology, LLC ("Synaptix") in the above-referenced action. We are in receipt of Plaintiffs' motion to compel an ESI conference currently returnable on September 21, 2026. Please accept this letter brief in lieu of a more formal submission in opposition to Plaintiffs' motion. As will be described below, Plaintiffs' motion must be denied as to Synaptix because Plaintiffs made demonstrably false statements in their moving papers. Contrary to Plaintiffs' assertions, Synaptix has at all times remained willing to participate in an ESI conference.

**FACTUAL AND PROCEDURAL BACKGROUND**

Following the July 30, 2026 status conference, Plaintiffs reached out on August 5, 2026 requesting availability (without proving their own) to schedule an ESI conference. See Certification of Brian C. Deeney, Esq. dated September 8, 2026 ("Deeney Cert.") at Exhibit 1. Thereafter, the undersigned reached out to Synaptix to

discuss an ESI conference. On August 11, 2026, Plaintiffs followed-up to schedule the ESI conference, again without providing their own availability for such a conference. Id. at Ex. 2. On August 12, 2026, the undersigned responded to Plaintiffs' counsel, offering August 19, 20 and 21 to complete the ESI conference. Id. at Ex. 3. Plaintiffs failed to respond to Synaptix's offer of dates for an ESI conference. Rather than respond with their own availability or exercise any due diligence in getting the conference scheduled, Plaintiffs waited seventeen (17) days and then filed the present motion (ECF No. 111).

**LEGAL ARGUMENT**

Unlike Plaintiffs, Synaptix provided concrete dates to complete the ESI conference. Rather than respond to that offer, Plaintiffs' failed to exercise due diligence, waited, and then filed the present motion. Notably, Plaintiffs' motion makes the false statement that Synaptix "failed to respond to Plaintiffs' request to schedule an ESI conference or have responded but failed to provide availability for a conference." (ECF No. 111-3). As demonstrated by the undersigned's email dated August 12, 2026, this is categorically false. Id. Not only did Synaptix respond, but it also provided availability for a conference.

On September 3, 2026, the undersigned wrote to Plaintiffs advising that the statements Plaintiffs made in their moving papers were false. See Deeney Cert at Exhibit 4. Synaptix further reiterated its commitment to participating in an ESI conference and asked for Plaintiffs' availability for same. As of the time of this filing, Plaintiffs have not withdrawn their motion as to Synaptix, nor have them provided their availability to participate in an ESI conference.

Synpatix remains willing to participate in an ESI conference; however, there should not be a court-order compelling same simply because Plaintiffs refused to exercise due diligence in following-up to Synaptix's August 12, 2026 email before filing a motion that makes material misrepresentations to this Court regarding Synaptix's conduct. *In re Ex Parte Global Energy Horizons Corp.*, 647 Fed.Appx. 83 (3d Cir. 2016)(denying motion to compel where non-movant has engaged in good faith efforts to comply with discovery requests).

Based on the foregoing, it is respectfully requested that Plaintiffs' motion be denied.

We thank Your Honor for his kind attention to this matter.

Respectfully submitted,

*Brian C. Deeney*

Brian Deeney of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

BD
Enclosure
cc: All Counsel of Record (via ECF)