Brian Deeney
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Brian.Deeney@lewisbrisbois.com
Direct: 973.792.8726

November 18, 2026

**VIA ECF**

Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the District of
New Jersey (by designation)
c/o United Stated District Court for the Eastern
District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re: Atlas Data Privacy et al v. Synaptix Technology LLC
Docket No.: 1:24-cv-04385

Dear Judge Bartle:

Our office represents Defendant, Synaptix Technology, LLC ("Synaptix") in the above-referenced action. We write in response to Plaintiffs' November 10, 2025 omnibus letter (ECF No. 117) requesting that this Court enter an order related to compliance with discovery or schedule a conference (the "Letter"). At the onset, we note that Plaintiffs' letter makes no assertions as to any alleged deficiencies with Synaptix's discovery responses.[1] Regardless, and as will be explained herein, not only is Plaintiffs' request premature and in violation of the Court's September 9, 2026 Order (ECF. No. 114), but Plaintiffs, yet again, make knowingly false assertions to the Court. To the extent the Letter seeks relief against Synaptix, it should be denied.

First, Plaintiffs' request is premature, as the September 9, 2026 Order requires the parties to meet and confer regarding any discovery deficiencies prior to seeking this Court's intervention. To date, Plaintiffs have not made any attempt to meet and confer with Synaptix regarding any of the alleged deficiencies identified in Plaintiff's November 10, 2025 letter. As such, Plaintiffs' present

[1] Synaptix is not mentioned in the body of Plaintiffs' letter, nor were Synaptix's discovery responses attached as an exhibit to the letter. However, because Synaptix appears in the "RE" line and the letter was filed on Synaptix's docket, it feels required to respond.

request is in direct violation of the Court's Order, Fed R. Civ. Pro 37(a)(1) and Local Rules 37.1(a)(1) and (2), and a waste of judicial resources.

Second, Plaintiffs make knowingly false assertions to the Court regarding Synaptix.[2] When discussing the alleged issues with numerosity objection to Plaintiffs' discovery requests, Plaintiffs state, "The only Defendants who raised this objection in advance of the deadline were Deluxe Corporation ("Deluxe"), Deluxe Financial Services, LLC ("DFS"), and Datamyx LLC (Datamyx)(24-4080); DM Group, Inc. ("DM Group")(24-4075), and Innovis Data Solutions, Inc. ("Innovis")(24-4176)." (ECF No. 117 at FN. 5).

The above assertion is categorially false. On October 14, 2026, Synaptix wrote to Plaintiffs specifically identifying the numerosity issue and requested a meet and confer to discuss same:

> At the onset, we note that the Court limited the parties to twenty-five (25) interrogatories, including subparts, and thirty (30) requests for production, including subparts. A review of Plaintiffs' discovery requests show systemic non-compliance with this request. Synaptix counts over forty (40) separate requests in Plaintiffs' Interrogatories, and roughly sixty (60) requests in Plaintiffs' Request for Production of Documents. Please let us know your availability for a meet and confer to discuss the number of requests, we well as some potential issues with whatever requests may remain after the meet and confer.

A true and correct copy of Synaptix's October 14, 2026 correspondence is attached as **Exhibit A**. Plaintiffs did not respond to Synaptix's request for a meet and confer which was sent weeks before the discovery responses were due. To now assert to the Court that Synaptix made no effort to address this issue prior to serving its discovery responses is demonstrably false.

Regarding Plaintiffs' alleged issue related to ESI Protocol, such a protocol is necessary to proceed with full document productions. Notably, Synaptix addressed the issue of the ESI Protocol in its October 14, 2026 correspondence that went unanswered. *See* Exhibit A. It would be inefficient to proceed with full documents productions in the absence of an agreed upon ESI Protocol as it may require re-production of the same documents multiple times under different specifications. Further, while Plaintiffs argue that "Absent a single, coordinated proposal from Defendants, Plaintiffs face the prospect of negotiating competing protocols defendant by defendant, further delaying production," such an argument is meritless. Synaptix is its own entity that is not similarly situated with the same resources as significantly larger federal Daniel's Law defendants in other matters, such as Thomas Reueters. These actions are not consolidated and Plaintiffs did not file these matters as a MDL. Thus,

---

[2] Plaintiffs previously made material misrepresentations to the Court regarding Synaptix's cooperation in conducting an ESI conference. (ECF No. 112).

Synaptix should be permitted to negotiate on its own behalf as its electronic system is not universally the same as every other defendant.

For the foregoing reasons, Synaptix respectfully requests that Plaintiffs' request be denied.

We thank Your Honor for his kind attention to this matter.

Respectfully submitted,

*Brian C. Deeney*

Brian Deeney of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

BD
Enclosure
cc: All Counsel of Record (via ECF)